OPINION ON REHEARING



ATTORNEY FOR APPELLANT

Andrew Bernlohr
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of R.L. (Minor Child)

and

J. R. (Mother),

*Appellant-Respondent,*

v.

Indiana Department of Child Services,

*Appellee-Petitioner,*

and

Child Advocates, Inc.,

*Guardian Ad Litem.*

August 29, 2019

Court of Appeals Case No.
18A-JC-2927

Appeal from the Marion Superior Court

The Honorable Marilyn Moores, Judge

The Honorable Gael Deppert, Magistrate

Trial Court Cause No.
49D09-1803-JC-638

**Riley, Judge.**

[1]     We grant DCS's petition for rehearing to address new guidance issued by our supreme court on the application of the doctrine of *res judicata* to CHINS proceedings. After we issued our opinion in this matter, but before the time for DCS to seek rehearing or transfer had elapsed, our supreme court issued its opinion in *Matter of Eq.W.*, 124 N.E.3d 1201 (Ind. 2019). In *Eq.W.*, DCS pursued a CHINS proceeding which the trial court denied on November 7, 2017. *Id*. at 1206. The very next day, DCS filed a second CHINS raising only issues that had already been litigated in the first CHINS. *Id*. at 1206-07. The trial court granted the second CHINS. *Id*. at 1207. Eq.W.'s mother appealed, claiming that *res judicata* barred DCS from relitigating the same, or known, issues in the second CHINS that DCS had failed to prevail upon in the first CHINS. *Matter of Eq.W.*, 106 N.E.3d 536, 539 (Ind. Ct. App. 2018), *vacated in part, aff'd in part*. Another panel of this court affirmed the trial court, finding that Eq.W.'s mother had waived her argument by not motioning to dismiss the CHINS on grounds of *res judicata*, but the court strongly condemned the manner in which DCS had litigated the case. *Id*. at 543.

[2]     Our supreme court accepted transfer of the case and found that, indeed, Eq.W.'s mother had waived her claim by not raising it to the trial court. *Matter of Eq.W.*, 124 N.E.3d at 1212-14. The court also found that the trial court did not commit fundamental error by failing to dismiss the CHINS *sua sponte*. *Id*. at 1214-15. However, the court clarified that *res judicata*, and specifically claim preclusion, does apply to CHINS cases. *Id*. at 1208-11. Noting the grave

interests at stake and the heightened due process provided in CHINS

proceedings, the court concluded that application of the doctrine of *res judicata*

> could prevent repeated filings by DCS with no new factual basis
> until one petition finally sticks. It could also prevent repetitive
> litigation of issues that have been or **could have been** decided in
> an initial CHINS filing. As such, application of this doctrine to
> CHINS proceedings encourages DCS to fully investigate and
> present a more complete picture of the type of alleged conduct
> underpinning a CHINS petition. After all, trial courts certainly
> do not suffer when an issue is fully briefed and supported by
> evidence.

*Id*. at 1211 (bold original). The supreme court explained that, in order to avoid

the preclusive effects of a prior proceeding, in a subsequent CHINS, DCS must

allege new material facts separate from what was available to them at the fact-

finding hearing in the prior proceeding. Id. at 1212. Agreeing with the State

that past acts by parents can be relevant to a subsequent CHINS and noting that

DCS must necessarily rely on parents' past actions to fully inform the trial court

about why the CHINS was filed, the court explained the use of evidence of a

parent's prior actions as follows:

> Practically speaking, if the parent or guardian is successful in
> showing claim preclusion applies to bar a subsequent petition,
> the CHINS petition must be dismissed. *However, this dismissal
> does not mean the State is forever barred from filing a subsequent CHINS
> petition or even from using a parent's prior actions as evidence in support
> of a new filing. As long as there are no other procedural bars to the filing
> and the State demonstrates that the subsequent petition contains new
> allegations of conduct that took place after the dismissal of the prior
> proceeding*, the State may file a new CHINS petition.

*Id.* (emphasis added). Thus, our supreme court has held that *res judicata* does not bar the filing of a subsequent CHINS as long as DCS raises some new allegations, and it appears that evidence of a parent's prior actions may be used to support that new filing.

[3] In its petition for rehearing, DCS argues that, in light of *Eq.W.*, this court erred when it remanded for reconsideration of the 2018 CHINS without reference to the 2017 CHINS matters because *Eq.W.* held that evidence of a parent's prior actions can be presented in a subsequent CHINS as long as DCS presents new allegations. DCS essentially argues that, once it filed the 2018 CHINS that contained a few new allegations, it was entitled to rely on all allegations and evidence of Mother's prior conduct in proving the new 2018 CHINS.

[4] This court's opinion is in accord with *Eq.W.* in that this court applied the doctrine of *res judicata* to this CHINS proceeding. This court's implicit conclusion that DCS was allowed to file the 2018 CHINS, which this court acknowledged contained some new allegations, is also in line with the holding of *Eq.W.* However, *Eq.W.* has now clarified that DCS may rely on evidence of a parent's prior conduct in bringing a subsequent CHINS, and, therefore, contrary to this court's decision, the trial court must be able to rely on that evidence in rendering its determination.

[5] Mother has not filed a response to DCS's petition for rehearing, and she has never claimed that the issue preclusion branch of *res judicata* or any other reason barred DCS from relitigating specific issues that had been or could have been

argued in the 2017 CHINS. The only argument presented by Mother on appeal was that claim preclusion barred DCS from bringing the 2018 CHINS, which *Eq.W.* now has definitively settled was not a meritorious argument. *Eq.W.* did not set any limits or provide further guidance on DCS's ability to rely on a parent's previous conduct when filing a subsequent CHINS. While it is unclear whether our supreme court intended by its decision in *Eq.W.* to allow DCS to relitigate in a subsequent CHINS all issues previously raised as long as some new allegations are added, Mother has not argued issue preclusion or provided us with any other reason that DCS may not do so. Therefore, it seems that this is not a fitting case for this court to attempt to probe the boundaries of the use of such evidence in light of *Eq.W.*

[6] Based on the foregoing, we grant rehearing, affirm the trial court in all respects, and clarify that remand is now not necessary in light of the supreme court's holding that DCS may rely on evidence of a parent's prior conduct in filing a subsequent CHINS and in light of the fact that Mother offered only the discredited issue of claim preclusion for our consideration on appeal.

[7] Affirmed.

[8] Bailey, J. and Pyle, J. concur